FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JAN 15 AM 11 57

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 13-CR-04-J |
| | ) | |
| Plaintiff, | ) | |
| | ) | Ct. 1: 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) |
| v. | ) | (Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine) |
| | ) | |
| JACQUELINE M. GARCIA | ) | |
| (Cts. 1 and 2) | ) | |
| | ) | |
| SIGIFREDO MOLINA VARELA a/k/a SIGI | ) | |
| (Cts. 1 and 2) | ) | Cts. 2-4: |
| | ) | 18 U.S.C. § 924(c)(1)(A) |
| KYLE A. CAROTHERS | ) | (Possess a Firearm in Furtherance of a Drug Felony) |
| (Ct. 1) | ) | |
| | ) | |
| WHITNEY D. ROSE | ) | |
| (Ct. 1) | ) | |
| | ) | |
| TRAVIS K. SMITH a/k/a TREEVIS | ) | |
| (Ct. 1) | ) | |
| | ) | |
| LARRY D. SINNING, JR. | ) | |
| (Cts. 1 and 3) | ) | |
| | ) | |
| CHRIS L. GEORGE | ) | |
| (Ct. 1) | ) | |
| | ) | |
| MICHAEL J. ADAMS | ) | |
| (Cts. 1 and 4) | ) | |
| | ) | |
| HEIDI L. BLANKENSHIP | ) | |
| (Ct. 1) | ) | |
| | ) | |
| ROBERT C. BRODIE | ) | |
| (Ct. 1) | ) | |
| | ) | |
| Defendants. | | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

The following allegation is common to all counts of this indictment.

During all times material to this indictment, the Defendants **JACQUELINE M. GARCIA, SIGIFREDO MOLINA VARELA, a/k/a "SIGI," KYLE A. CAROTHERS, WHITNEY D. ROSE, TRAVIS K. SMITH, a/k/a "TREEVIS," LARRY D. SINNING, JR., CHRIS L. GEORGE, MICHAEL J. ADAMS, HEIDI L. BLANKENSHIP,** and **ROBERT C. BRODIE** all lived in Wyoming.

## COUNT ONE

From on or about March 2011, through and including the return of this indictment, in the District of Wyoming and elsewhere, the Defendants, **JACQUELINE M. GARCIA ("GARCIA"), SIGIFREDO MOLINA VARELA a/k/a "SIGI" ("MOLINA"), KYLE A. CAROTHERS ("CAROTHERS"), WHITNEY D. ROSE ("ROSE"), TRAVIS K. SMITH, a/k/a "TREEVIS" ("SMITH"), LARRY D. SINNING, JR. ("SINNING"), CHRIS L. GEORGE ("GEORGE"), MICHAEL J. ADAMS ("ADAMS"), HEIDI L. BLANKENSHIP ("BLAKENSHP)",** and **ROBERT C. BRODIE ("BRODIE")**, together with other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree

2

to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

## MANNER AND MEANS

1. It was part of the conspiracy that **GARCIA** and **MOLINA** would receive various quantities of methamphetamine from sources located in Nebraska and Wyoming.

2. It was a further part of the conspiracy that **CAROTHERS, ROSE, SINNING, BLANKENSHIP, BRODIE** and others known and unknown to the grand jury would receive various quantities of methamphetamine in the Campbell County, Wyoming area from **GARCIA** and **MOLINA**.

3. It was a further part of the conspiracy that **CAROTHERS, ROSE, SINNING, BLANKENSHIP,** and **BRODIE** would redistribute the methamphetamine that they received from **GARCIA** and **MOLINA** in and around the Campbell County, Wyoming area.

4. It was a further part of the conspiracy that **SINNING, SMITH, GEORGE, ADAMS** and others known and unknown to the grand jury would also sometimes receive methamphetamine directly from **CAROTHERS** and **ROSE** after **CAROTHERS** and **ROSE** received methamphetamine from **GARCIA** and **MOLINA** and others known and unknown to the grand jury. **SINNING, SMITH, GEORGE, ADAMS** and others known and unknown to the grand jury would then redistribute the methamphetamine in and around the Campbell County, Wyoming area.

5. It was a further part of the conspiracy that during one period of time within the time span of the conspiracy, **CAROTHERS** and **ADAMS** traveled to Denver, Colorado and Casper, Wyoming to obtain multi-ounce quantities of methamphetamine for redistribution. **CAROTHERS** and **ADAMS** obtained the methamphetamine in part with money provided them in advance by **GARCIA** and **MOLINA**. **GARCIA** and **MOLINA** and other members of the conspiracy then received portions of this methamphetamine from **CAROTHERS** and **ADAMS**, which **GARCIA** and **MOLINA** and the others would then redistribute in and around the Campbell County, Wyoming area.

6. It was a further part of the conspiracy that during one period of time within the time frame of the conspiracy, **CAROTHERS** and **GEORGE** would travel to Cheyenne, Wyoming to obtain multi-ounce quantities of methamphetamine for redistribution in and around the Campbell County, Wyoming area. They obtained the methamphetamine in part with money provided them in advance by **GARCIA** and **MOLINA**. **GARCIA, MOLINA, ADAMS, BRODIE** and others known and unknown to the grand jury would then receive methamphetamine from **CAROTHERS** and **GEORGE**, after which **GARCIA, MOLINA, ADAMS, BRODIE** and others known and unknown to the grand jury would redistribute it in and around the Campbell County, Wyoming area.

7. The deliveries of methamphetamine between the co-conspirators would be both on a cash basis and on the basis of a "front." When distributed on a cash basis, the seller required payment for the methamphetamine at the time of delivery. When distributed on the basis of a

"front," the drugs were distributed without requiring payment at the time of delivery. Instead, payment was due after the conspirators had sold the methamphetamine to other conspirators and had collected the proceeds of the sales.

8. It was a further part of the conspiracy that **GARCIA, MOLINA, CAROTHERS, ROSE, SMITH, SINNING, GEORGE, ADAMS, BLANKENSHIP, BRODIE** and others known and unknown to the grand jury possessed with intent to distribute, distributed, and attempted to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

## COUNT TWO

From on or about March 2011, through and including the return of this indictment, the Defendants, **JACQUELINE M. GARCIA and SIGIFREDO MOLINA VARELA, a/k/a "SIGI,"** knowingly possessed firearms in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, in violation of 21 U.S.C. § 846, as more fully alleged in Count One of this indictment.

In violation of 18 U.S.C. § 924(c)(1)(A)

## COUNT THREE

On or about March 2012, the Defendant, **LARRY D. SINNING, JR.**, knowingly possessed a firearm in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, in violation of 21 U.S.C. § 846, as more fully

alleged in Count One of this indictment.

In violation of 18 U.S.C. § 924(c)(1)(A).

### COUNT FOUR

Between on or about January 2012 and March 2012, the Defendant, **MICHAEL J. ADAMS**, knowingly possessed a firearm in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, in violation of 21 U.S.C. § 846, as more fully alleged in Count One of this indictment.

In violation of 18 U.S.C. § 924(c)(1)(A).

A TRUE BILL:

_/s/ Debra Holthus_
FOREPERSON

_/s/ Christopher A. Crofts_
CHRISTOPHER A. CROFTS
United States Attorney

# PENALTY SUMMARY

**DEFENDANT NAME:**      JACQUELINE M. GARCIA
                                   SIGIFREDO MOLINA VARELA a/k/a SIGI

**DATE:**      January 15, 2013

**INTERP NEEDED:**      _____ Yes     _XX_ No

THE GOVERNMENT, PURSUANT TO RULE 18, F.R.Cr.P., WITH DUE REGARD FOR THE CONVENIENCE OF THE DEFENDANT, ANY VICTIM AND WITNESSES, AND THE PROMPT ADMINISTRATION OF JUSTICE, REQUESTS TRIAL BE HELD IN:

_____ Cheyenne    _XX_ Casper    _____ Lander    _____ No Preference

**VICTIM:**      _____ Yes     _XX_ No

**SEAL CASE:**      _XX_ Yes     _____ No

**OFFENSE: Ct. 1**      21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

**PENALTIES:**      NLT 10 YEARS TO LIFE IMPRISONMENT
$10,000,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE: Ct. 2**      18 U.S.C. § 924(c)(1)(A)
(Possess a Firearm in Furtherance of a Drug Felony)

**PENALTIES:**      5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

***TOTAL PENALTIES:***      *NLT 15 YEARS TO LIFE IMPRISONMENT*
*$10,250,000 FINE*
*NLT 5 YEARS SUPERVISED RELEASE*
*$200 SPECIAL ASSESSMENT*

**AGENT:** Trevor Budd / DCI  **AUSA:** Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:** _____ 1-5 days  __XX__ more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

    __XX__ Yes  _____ No

**The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:**

    _____ Yes  __X__ No

# PENALTY SUMMARY

**DEFENDANT NAME:** KYLE A. CAROTHERS
WHITNEY D. ROSE
TRAVIS K. SMITH a/k/a TREEVIS
CHRIS L. GEORGE
HEIDI L. BLANKENSHIP
ROBERT C. BRODIE

**DATE:** January 15, 2013

**INTERP NEEDED:** _____ Yes   XX   No

THE GOVERNMENT, PURSUANT TO RULE 18, F.R.Cr.P., WITH DUE REGARD FOR THE CONVENIENCE OF THE DEFENDANT, ANY VICTIM AND WITNESSES, AND THE PROMPT ADMINISTRATION OF JUSTICE, REQUESTS TRIAL BE HELD IN:

_____ Cheyenne   XX  Casper   _____ Lander   _____ No Preference

**VICTIM:** _____ Yes   XX  No

**SEAL CASE:** XX   Yes   _____ No

**OFFENSE:** Ct. 1   21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

**PENALTIES:** NLT 10 YEARS TO LIFE IMPRISONMENT
$10,000,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:** Trevor Budd / DCI   **AUSA:** Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:** _____ 1-5 days   XX   more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

XX  Yes   _____ No

The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:

  X   Yes [With respect to **Blakenship, Brodie** and **George**]   ___ No

# PENALTY SUMMARY

**DEFENDANT NAME:**     LARRY D. SINNING, JR.

**DATE:**     January 15, 2013

**INTERP NEEDED:**     ____ Yes     XX No

THE GOVERNMENT, PURSUANT TO RULE 18, F.R.Cr.P., WITH DUE REGARD FOR THE CONVENIENCE OF THE DEFENDANT, ANY VICTIM AND WITNESSES, AND THE PROMPT ADMINISTRATION OF JUSTICE, REQUESTS TRIAL BE HELD IN:

____ Cheyenne    XX Casper    ____ Lander    ____ No Preference

**VICTIM:**     ____ Yes     XX No

**SEAL CASE:**     XX Yes     ____ No

**OFFENSE: Ct. 1**     21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

**PENALTIES:**
NLT 10 YEARS TO LIFE IMPRISONMENT
$10,000,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE: Ct. 3**     18 U.S.C. § 924(c)(1)(A)
(Possess a Firearm in Furtherance of a Drug Felony)

**PENALTIES:**
5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

***TOTAL PENALTIES:***
*NLT 15 YEARS TO LIFE IMPRISONMENT*
*$10,250,000 FINE*
*NLT 5 YEARS SUPERVISED RELEASE*
*$200 SPECIAL ASSESSMENT*

**AGENT:** Trevor Budd / DCI  **AUSA:** Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:** _____ 1-5 days   XX   more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

      XX  Yes      ____ No

**The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:**

       ____ Yes      XX   No

# PENALTY SUMMARY

**DEFENDANT NAME:**     MICHAEL J. ADAMS

**DATE:**               January 15, 2013

**INTERP NEEDED:**      \_\_\_\_\_ Yes     \_XX\_ No

THE GOVERNMENT, PURSUANT TO RULE 18, F.R.Cr.P., WITH DUE REGARD FOR THE CONVENIENCE OF THE DEFENDANT, ANY VICTIM AND WITNESSES, AND THE PROMPT ADMINISTRATION OF JUSTICE, REQUESTS TRIAL BE HELD IN:

\_\_\_\_\_ Cheyenne   \_XX\_ Casper   \_\_\_\_\_ Lander   \_\_\_\_\_ No Preference

**VICTIM:**             \_\_\_\_\_ Yes     \_XX\_ No

**SEAL CASE:**          \_XX\_ Yes     \_\_\_\_\_ No

**OFFENSE:   Ct. 1**    21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
                        (Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

**PENALTIES:**          NLT 10 YEARS TO LIFE IMPRISONMENT
                        $10,000,000 FINE
                        NLT 5 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

**OFFENSE:   Ct. 4**    18 U.S.C. § 924(c)(1)(A)
                        (Possess a Firearm in Furtherance of a Drug Felony)

**PENALTIES:**          5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                        $250,000 FINE
                        3 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

*TOTAL PENALTIES:*      *NLT 15 YEARS TO LIFE IMPRISONMENT*
                        *$10,250,000 FINE*
                        *NLT 5 YEARS SUPERVISED RELEASE*
                        *$200 SPECIAL ASSESSMENT*

**AGENT:** Trevor Budd / DCI  **AUSA:** Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:** \_\_\_\_\_ 1-5 days  **XX** more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

    **XX** Yes     \_\_\_\_ No

**The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:**

    **X** Yes [With respect to **ADAMS**]     \_\_\_\_ No