# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 13-CR-004-J |
| v. ) | |
| ) | |
| JACQULINE GARCIA and ) | |
| SIGIFREDO MOLINA VERELA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO DEFENDANT MOLINA'S MOTION IN LIMINE

COMES NOW the United States of America, by and through its undersigned counsel, and for its Response to Defendant Molina's Motion in Limine, offers the following for the court's consideration:

Defendant Molina argues that offering an experienced drug crimes investigator to testify regarding the fact that guns are related to drug trafficking crimes is improper. Defendant's position simply ignores the overwhelming precedent on this very issue. His motion must, therefore, be denied.

Fed.R.Evid. 702 governing the admission of expert testimony provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise....

The Tenth Circuit has acknowledged that evidence related to drug trafficking is specialized. *United States v. Muldrow,* 19 F.3d 1332, 1338 (10th Cir.1994); *see also United*

*States v. McDonald,* 933 F.2d 1519, 1522 (10th Cir.1991). The court has also acknowledged that a law enforcement officer, with appropriate experience and training, may be qualified under Rule 702 to testify as to matters related to drug trafficking, including the "drug dealer's tools of the trade," tools which include firearms. *McDonald,* 933 F.2d at 1522 (finding proper experienced law enforcement officer's testimony that the presence of firearms near drugs was suggestive of distribution, rather than personal use); *See also United States v. Trotter,* 483 F.3d 694, 702 (10th Cir.2007)(approving expert testimony that in a "stash" room, where large amounts of narcotics and items for manufacturing narcotics are located, drug dealers usually have firearms for protection from any potential robbery); *United States v. King*, 632 F.3d 646, 649 (10th Cir. 2011)(citing expert testimony from experienced law enforcement officer regarding the various roles firearms play in the drug-trafficking business as part of substantial evidence supporting defendant's conviction for possessing firearms in furtherance of drug trafficking crime); *United States v. Roach*, 582 F.3d 1192, 1199 (10th Cir. 2009)(upholding district court's denial of defendant's motion in limine to prevent expert testimony from law enforcement officer regarding gang activity and firearms at "tools of the trade").

Defendant Molina cites no law to support his position. In fact, the law in the Tenth Circuit is contrary to his position. Therefore, his motion in limine must be denied.

Dated this 4th day of May, 2013.

                                          CHRISTOPHER A. CROFTS
                                          UNITED STATES ATTORNEY

                      By:      /s/ *Stuart S. Healy, III*
                             STUART S. HEALY III
                             Assistant United States Attorney

# CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2013 I served a copy of the foregoing **MOTION IN LIMINE** upon the defendants by electronic notice:


                                          */s/ Stuart S. Healy III*  
                                          Office of the United States Attorney